IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SCOTT D. NELSON,<br><br>    Defendant. | 8:24CR133<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Lesley A. Woods United States Attorney and Danielle Fliam Assistant United States Attorney, and defendant, Scott D. Nelson and Ryan Crnkovich and Stuart Dornan counsel for defendant, as follows:

I

**THE PLEA**

A.  CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count 1 of the Indictment. Count 1 charges a violation of Title 18, United States Code, Section 1591(a) and (b)(2).

B.  In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1.  The United States will move to dismiss Count II at the time of sentencing.

2.  The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for any additional sex trafficking or child pornography crimes as disclosed by the discovery material made available to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

1

## II
## **NATURE OF THE OFFENSE**

A.   ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited by any means Minor Victim 1;

2. The defendant knew or recklessly disregarded the fact that Minor Victim 1 was under 18 years of age, or had a reasonable opportunity to view Minor Victim 1, and would be caused to engage in a commercial sex act; and

3. The offense was in and affecting interstate commerce.

B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

On July 3, 2024, officers with the Omaha Police Department responded to Home2Suites, a hotel in Omaha, regarding a possible human trafficking situation. Detectives arrived and learned that this defendant had checked into a hotel room with two females, ages 18 and 14. Officers observed this defendant return to the hotel in an Iowa plated truck, with three females, ages 18, 14, and 14 with him. Law enforcement had contact with this defendant and the three females at their room.

The defendant agreed to a non-custodial interview with law enforcement. In the course of that interview, he admitted to having met a female on an online ad service and that he paid for this female to model lingerie for him. He described this female.

The defendant also agreed to a consensual search of his phone. Officers located several lingerie photos consistent with the female the defendant described. Officers located a phone number for this female, and found it was associated with a 16-year-old female, Minor Victim 1.

Minor Victim 1 was interviewed by law enforcement. She advised that she met the defendant towards the end of 2023 online and that he paid her for her used panties and for her to perform oral sex on him. Law enforcement was able to review emails between the two of them, where the defendant would contact Minor Victim 1 and discuss sexual acts, offer to pay for those

2

acts, and arrange various locations for those acts to occur. It appears the two met on one occasion.

Originally, in the email chain, Minor Victim 1 represented herself to be 18 years old, even though she was only 16 years old. However, additional contacts between the two included her arranging meetings around her summer school schedule, and the defendant referencing her being in high school.

All these events occurred in the District of Nebraska.

## III
## PENALTIES

A.   COUNT 1: Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum of life in prison; and a mandatory minimum 10 years;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count; and
4. A term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.
6. $5,000 assessment to the JVTA  *SDN 7/17/25*

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## SENTENCING ISSUES

A.   SENTENCING AGREEMENTS.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a sentence of no less than 180 months and no more than 270 months. The

3

defendant shall serve a term of supervised release of 5 years. This negotiated agreement resolves all issues related to the case and is the appropriate disposition.

B.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report and may be disclosed to the court for purposes of sentencing.

C.   IMMIGRATION CONSEQUENCES.

Defendant is aware of and acknowledges that his plea pursuant to this plea agreement may have immigration consequences up to and including possible deportation.

D.   RESTITUTION

Defendant agrees to the following regarding restitution:

   a. The defendant shall pay $50,000 in restitution to Minor Victim 1;
   b. Pursuant to the Justice for Victims of Trafficking Act (JVTA), defendant shall pay an Assessment of $5,000;
   c. Defendant also shall pay the Special Assessment of $100 per count of conviction by submitting a satisfactory form of payment to the Clerk of the Court;
   d. Restitution and Assessment payments shall be made payable to: Clerk, United States District Court, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Suite 1152, Omaha, NE 68102-1322;
   e. The District Court Clerk will subsequently disburse defendant's restitution payments to Minor Victim 1;
   f. If incarcerated, defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a payment schedule;
   g. Defendant will provide all of defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam. Defendant will fully and truthfully disclose all assets and property in which Defendant has any interest, or over which Defendant

exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

    (a) A claim of ineffective assistance of counsel.

    (b) A right to file a motion under Section 3582(c)(1)(A);

        1. the general right to file a compassionate release motion;

        2. the right to file a second or successive such motion; or

        3. the right to appeal the denial of a compassionate release.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

    (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

    (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## **BREACH OF AGREEMENT**

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII

## **SCOPE OF AGREEMENT**

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs the agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

X

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
LESLEY A. WOODS
United States Attorney

7/17/2025
Date

DANIELLE FLIAM
ASSISTANT U.S. ATTORNEY

5/30/25
Date

SCOTT NELSON
DEFENDANT

5/30/2025
Date

RYAN CRNKOVICH
COUNSEL FOR DEFENDANT

8